101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
The PARK AVENUE BANK, N.A., Plaintiff-Counter-Defendant,
Standard Chartered Bank, Counter-Defendant-Appellee,
v.
T.C. ZIRAAT BANKASI, New York Branch,
Defendant-Counter-Claimant-Appellant,
Red Rock Commodities Ltd.; Ram Metals and Building
Industries, Ltd., Third-Party Defendants.
 No. 96-7043.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 1
 Ziraat Bankasi ("Ziraat") appeals from an order dated December 12, 1995, in the United States District Court in the Southern District of New York (Keenan, J.), that granted a motion for attorney's fees in the amount of $262,208 to Standard Chartered Bank ("SCB"). A district court's award of attorney's fees is reviewed for abuse of discretion. See, e.g., Pierce v. Underwood, 487 U.S. 552, 571 (1988). In order to award attorney's fees under its discretionary power, a district court must find that the claim was (1) "entirely without color" and (2) asserted for improper purposes such as harassment or delay. See, e.g., Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 38 (2d Cir.1995).
 
 
 2
 S.D.N.Y.
 
 
 3
 AFFIRMED.
 
 
 4
 Appearing for Appellant: Michael T. Sullivan, Zeichner Ellman & Krause, New York, NY.
 
 
 5
 Appearing for Appellee: Stanley L. Lane, Jr., Steindler, Houston & Rosen, New York, NY.
 
 
 6
 Present CALABRESI, PARKER, C.J., POLLAK, Senior District Judge.*
 
 ORDER
 
 7
 Ziraat first contends that the district court's denial of summary judgment to SCB necessarily precludes its grant of attorney's fees to SCB. This argument fails because this circuit has stated that a denial of summary judgment to a party does not constitute a per se bar to the award of attorney's fees to that party. Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1472-73 (2d Cir.1988), rev'd in part on other grounds sub nom. Pavelic & Le Flore v. Marvel Entertainment Group, 493 U.S. 120 (1989). Ziraat attempts to distinguish Calloway by arguing that Calloway involved fraud and forgery while the instant case did not. This attempt fails because Calloway did not restrict its holding to those situations. Id. at 1473.
 
 
 8
 Ziraat also contends that the district court erred in finding that its claim was entirely without color and asserted for improper purposes. The court did not err in concluding that the claim was "entirely without color" because the record shows that Ziraat never possessed any evidence that had "some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir.1980) (per curiam). The trial court also did not err in finding that Ziraat maintained its claims for the purposes of delay. The facts on which the court relied, especially a letter signed by Ziraat's New York Branch Manager describing the possibility of using delay tactics, fully support the court's conclusion.
 
 
 9
 We have examined all the appellant's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation